**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL   NO.   6:24-CR-00233-ADA-** |
| | § | **DNM** |
| | § | |
| **ZACHARY BYNUM** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D. ALBRIGHT,
       UNITED STATES DISTRICT JUDGE,

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Zachary Bynum's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I. PROCEDURAL BACKGROUND**

On February 25, 2021, Bynum appeared before U.S. District Judge David Counts in the Western District of Texas – Midland/Odessa Division and was sentenced to 57 months in the custody of the U.S. Bureau of Prisons, followed by a five (5) year term of supervised release for the offense of Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine. His special conditions included adhering to searches. He was also ordered to

pay a $100.00 special assessment fee.

Mr. Bynum's supervision began on September 1, 2023. On July 22, 2025, Bynum's supervision was revoked, and he was sentenced to time served, followed by a three (3) year term of supervised release. Bynum was ordered to attend a forty-five (45) day inpatient substance abuse treatment program. On December 27, 2025, Bynum attended a wedding in Madisonville, Texas. Madisonville is in the Southern District of Texas. Bynum did not report his travel outside of the district and did not ask permission to travel outside of the district. Probation alleges that this is a pattern of behavior for Bynum as one of his violations in his previous revocation hearing was leaving the district without permission. On January 22, 2026, USPO Perez called Bynum to discuss his having been out of the district without permission. Bynum said he was unknowingly out of the district and that he did not drive nor put the directions into Google maps. Bynum continues to deny knowing he was out of the district even though USPO Perez has had to address this with him numerous times throughout his supervision.

On January 21, 2026, Bynum called USPO Perez to report he had been arrested for Assault Family Violence. Probation contends that Bynum gave different details than those received from Leon County Investigators. According to the report received from the Leon County DA, deputies from the Leon County Sheriff's Officer were called by an anonymous source requesting a welfare check be done at Bynum's residence on January 10, 2026. Upon arrival deputies were unable to contact anyone. Deputies returned to the residence on January 11, 2026, where contact was made with Bynum and his girlfriend Alexis. Deputies spoke to both individuals and Alexis had visible injuries to her neck as well as scratches on both sides of her neck. Photos of her injuries were taken; however, she denied they were caused by Bynum. Alexis

admitted Bynum had anger issues and was emotional during her discussion with Sheriff's deputies. She also admitted that Bynum smashed her phone. Sheriff's deputies were able to obtain text messages between Alexis and her friends admitting that Bynum held her down to get her phone and then threw her around by her throat. Bynum was arrested and bonded the next day.

According to Bynum's bond conditions he was to refrain from communicating in any manner with a person protected by the Order or a member of the family or household of a person protected by the Order, except through the person's attorney or person appointed by the Court. Bynum was also ordered not to go within 300 feet of the residence of the alleged victim. On January 21, 2026, Bynum planned to stay with his grandfather whose residence is on the same property as the alleged victim, which is only 157 feet away. The homes share the same driveway. On February 2, 2026, Bynum turned himself in at the Buffalo Police Department. Bynum was with the alleged victim of the assault. That same day Bynum called the alleged victim from the Leon County Jail. A warrant was issued for Bynum based on these bond violations.

On February 10, 2026, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging that Bynum violated the terms of his supervision in the following ways:

> **Violation Number 1:** Bynum violated Standard Condition Number 3, that he shall not knowingly leave the federal judicial district where he is authorized to reside without first getting the permission from the Court or the probation officer. On December 27, 2025, Bynum attended a wedding in Madisonville, Texas. Madisonville is in the Southern District of Texas. Bynum did not notify USPO Perez and did not get prior permission to leave the district.

> **Violation Number 2:** Bynum violated Mandatory Condition Number 1, that he shall not commit another federal, state, or local crime during the term of supervision. Bynum was arrested on January 20, 2026, for Assault Causes Bodily

Injury Family Member, a Class A Misdemeanor, in violation of Texas Penal Code 22.01. According to the information received from Leon County on January 10, 2026, an emergency call was made to Leon County Sheriff's Office reporting an incident that had occurred and asking for a welfare check on the victim. According to the caller there had been a physical altercation, and the victim was injured by Bynum.  Bynum also smashed the victim's phone. Deputies responded but were unable to make contact with anyone. On January 11, 2026, Leon County Sheriff's Deputies returned to the residence and made contact with the victim and Bynum. The victim had visible injuries to her neck. Photos were taken of her injuries and included in the report, along with other information regarding this incident. A warrant was issued for Bynum on January 20, 2026, and he was arrested the same day.

**Violation Number 3:**  Bynum violated Mandatory Condition Number 1, that he shall not commit another federal, state, or local crime during the term of supervision. On February 4, 2026, a warrant was issued for Bynum by the Leon County Justice of the Peace for Repeated Violation of Court Order or Condition of Bond, in violation of Texas Penal Code 25.072(e), a Third-Degree Felony. According to the arrest affidavit received Bynum signed conditions of release on bond that state  Bynum shall not communicate directly, indirectly, or through a third party, with the alleged victim and Bynum shall not go within 300 feet of a residence, school, or other location, as specifically described in the bond. Bynum violated these bond conditions on February 2, 2026, and January 21, 2026.

On April 8, 2026, the Court held a hearing on the petition. At the hearing, the Government abandoned Violation Number 2. Bynum pled **TRUE** to the remaining violations against him. The petition contained a sufficient factual basis to support a plea of **TRUE** .

## II. FINDINGS OF THE COURT

Based on Bynum's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1.      Bynum violated the conditions of his supervision as alleged in the petition.

2.      Bynum was competent to make the decision to enter a plea of **TRUE**.

3.      Bynum had both a factual and rational understanding of the proceedings against him.

4.    Bynum did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.    Bynum was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.    Bynum was sane and mentally competent to stand trial for these proceedings.

7.    Bynum was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    Bynum received a copy of the petition naming him, and he either read it or had it read to him.

9.    Bynum understood the petition and the charges alleged against him.

10.    Bynum had a sufficient opportunity to discuss the petition and charges with his attorney.

11.    Bynum was satisfied with the job his attorney has done and had no complaints about his attorney.

12.    Bynum understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.    Bynum freely, intelligently, and voluntarily entered his plea of **TRUE**.

14.    Bynum understood his statutory and constitutional rights and desired to waive them.

15.    The petition contains a sufficient factual basis to support Bynum's pleas of **TRUE**.

## III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Bynum's supervised release be **REVOKED** and that he be sentenced to the following:

(1) An 8-month term of imprisonment, including credit for any time already served since his arrest, and

(2) No period of supervised release to follow.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 8th day of April, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE